UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James Loftin, | ) | **C/A No. 7:07-3792-GRA-BHH** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | for |
| South Carolina Probation and Parole; | ) | ***Partial*** Summary Dismissal |
| Jeffrey T. Harmon, Agent; | ) | |
| Robert Hall, Magistrate; and | ) | |
| Gordon G. Cooper, Judge, | ) | |
| | ) | |
| Defendants. | ) | |

_____

### *Background of this Case*

The plaintiff is a resident of Moore, South Carolina.  The plaintiff has brought

suit against the South Carolina Department of Probation, Parole, and Pardon Services

(SCDPPPS), an agent for the SCDPPPS, a county magistrate, and the Master-in-Equity

for Spartanburg County.

The plaintiff states that he has had a "personal conflict" with Magistrate

Robert Hall since 1999 and 2000.  The plaintiff also indicates that he filed a complaint

about Magistrate Hall with the "Chief Magistrate."  The plaintiff alleges that Magistrate Hall

caused the Spartanburg County Sheriff's Office to charge the plaintiff with perjury.  The

plaintiff was arrested on the perjury charge (Warrant No. G615783) on October 10, 2000.

1

The Solicitor's Office, according to the plaintiff, dropped the perjury charge at the end of 2003.

On January 19, 2004, however, the plaintiff was indicted for perjury (Indictment No. 2004-GS-42-0586). The plaintiff states that he pled guilty to the perjury charge on August 12, 2004, and was given the option of two years probation or paying a fine. The plaintiff paid the fine.

The plaintiff indicates that he dropped his direct appeal on the advice of counsel, but filed an application for post-conviction relief (Case No. 2007-CP-42-3831) on October 30, 2007. The plaintiff also refers to a hearing held before Judge Cooper on November 9, 2007, on the issue of the DNA sample.

### *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings and the Form AO 240 (motion to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

2

conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, *Moffitt v. Loe*, 446 U.S. 928 (1980); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978).  The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *See Erickson v. Pardus*, ___ U.S. ___, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S.Ct. 2197 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975).  Even under this less stringent standard, the complaint is subject to *partial* summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Since the plaintiff is challenging his guilty plea for perjury, the above-captioned case is subject to summary dismissal because a right of action has not accrued. *See Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by

---

[2]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

> a state tribunal authorized to make such a determination, or
> called into question by a federal court's issuance of a writ of
> habeas corpus, 28 U.S.C. § 2254. A claim for damages
> bearing that relationship to a conviction or sentence that has
> not been so invalidated is not cognizable under § 1983. Thus,
> when a state prisoner seeks damages in a § 1983 suit, the
> district court must consider whether a judgment in favor of the
> plaintiff would necessarily imply the invalidity of his conviction
> or sentence; if it would, the complaint must be dismissed
> unless the plaintiff can demonstrate that the conviction or
> sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. at 486-487 (footnote omitted). *See also Woods v. Candela*, 47 F.3d 545 (2nd Cir.) (litigant's conviction reversed by state court in 1993; hence, civil rights action timely filed), *cert. denied*, *Candela v. Woods*, 516 U.S. 808 (1995); *Treece v. Village of Naperville*, 903 F. Supp. 1251 (N.D. Ill. 1995); *Seaton v. Kato*, 1995 U.S. Dist. LEXIS® 2380, *12-*13, 1995 WESTLAW® 88956 (N.D. Ill., February 28, 1995); and *Smith v. Holtz*, 879 F. Supp. 435 (M.D. Pa. 1995), *affirmed*, 87 F.3d 108 (3rd Cir.), *cert. denied*, *Wambaugh v. Smith*, 519 U.S. 1041 (1996).

Until the plaintiff's conviction for perjury, any civil rights action based on the conviction, sentence, direct appeal, and related matters will be barred because of the holding in *Heck v. Humphrey*. *Sufka v. Minnesota*, 2007 U.S. Dist. LEXIS® 84544, 2007 WESTLAW® 4072313 (D. Minn., November 15, 2007). Even so, the limitations period will not begin to run until the cause of action accrues. *See Benson v. New Jersey State Parole Board*, 947 F. Supp. 827, 830 & n. 3 (D.N.J. 1996) (following *Heck v. Humphrey*: "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); and *Snyder v. City of Alexandria*, 870 F. Supp. 672, 685-88 (E.D. Va. 1994).

The South Carolina Department of Probation, Parole & Pardon Services (SCDPPPS) is entitled to summary dismissal under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department.  *See, e.g., Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U.S. 743 (2002); *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000); *Alden v. Maine*, 527 U.S. 706 (1999); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); *Belcher v. South Carolina Board of Corrections*, 460 F. Supp. 805, 808-809 (D.S.C. 1978); and *Simmons v. South Carolina State Highway Dept.*, 195 F. Supp. 516, 517 (E.D.S.C. 1961).

The Supreme Court of South Carolina, the Court of Appeals of South Carolina, Courts of General Sessions, Courts of Common Pleas, Family Courts, Probate Courts, magistrate's courts, and municipal courts are in a unified judicial system.  *See* Article V, Section 1 of the Constitution of the State of South Carolina ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); *City of Pickens v. Schmitz*, 297 S.C. 253, 376 S.E.2d 271, 272 (1989); *Cort Industries Corp. v. Swirl, Inc.*, 264 S.C. 142, 213 S.E.2d 445, 446 (1975); and *State ex rel. McLeod v. Civil and Criminal Court of Horry County*, 265 S.C. 114, 217

S.E.2d 23, 24 (1975).[3]   The entity known as the South Carolina Court Administration operates the State of South Carolina's unified judicial system pursuant to the authority delegated by the Supreme Court of South Carolina.   *See* Article V, Section 4 of the Constitution of the State of South Carolina; and *Bailey v. State*, 309 S.C. 455, 424 S.E.2d 503 (1992).

County magistrates and municipal court judges are judges in the State of South Carolina's unified judicial system.   *See In the Matter of Stephens*, 375 S.C. 140, 650 S.E.2d 849 (2007); *In the Matter of Singleton*, 361 S.C. 364, 605 S.E.2d 518 (2004) (removing county magistrate from office); *In the Matter of Wilder*, 335 S.C. 339, 516 S.E.2d 927 (1999) (imposing public reprimand upon former Municipal Court Judge and precluding him from seeking "future appointment to any judicial office within the unified judicial system of South Carolina unless authorized by this Court"); *In the Matter of Lee*, 313 S.C. 142, 437 S.E.2d 85 (1993); *In the Matter of Carmichael*, 313 S.C. 96, 437 S.E.2d 63 (1993); *In the Matter of Ulmer*, 315 S.C. 188, 432 S.E.2d 481 (1993); and *In the Matter of Wyatt*, 295 S.C. 34, 367 S.E.2d 22, 23 (1988).   Masters-in-Equity are judges in the State of South Carolina's unified judicial system.   *In the Matter of Evans*, 371 S.C. 183, 638 S.E.2d 64 (2006) (suspension of Master-in-Equity for one year, retroactive to date of interim suspension).   South Carolina Circuit Judges are judges in the State of South Carolina's unified judicial system.  *See In the Matter of Peeples*, 297 S.C. 36, 374 S.E.2d 674 (1988).

---

[3]County courts in the State of South Carolina no longer exist.  Section 22 of Article V of the Constitution of the State of South Carolina (1973) allowed "any existing court" on the date of ratification to continue operating until Article V was fully implemented.   *State ex rel. McLeod v. Civil and Criminal Court of Horry County*, 217 S.E.2d at 24 ("The Horry County Court is one of the courts continued in existence solely by virtue of the provisions of Section 22 of Article V.").

Magistrate Hall and Judge Cooper are entitled to summary dismissal because of judicial immunity. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-64 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit by South Carolina inmate against two Virginia magistrates); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions.").  *See also Siegert v. Gilley*, 500 U.S. 226 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); and *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").  *Accord Bolin v. Story*, 225 F.3d 1234 (11th Cir. 2000) (discussing judicial immunity of United States District Judges and United States Circuit Judges).[4]

### Recommendation

Accordingly, it is recommended that the District Court summarily dismiss the South Carolina Department of Probation, Parole & Pardon Services (SCDPPPS), Magistrate Hall, and Judge Cooper from the above-captioned case *without prejudice* and without issuance and service of process.  *See Denton v. Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Boyce v. Alizaduh*;

---

[4]The "DNA" issues raised by the plaintiff in this case are not necessarily barred by the holding in *Heck v. Humphrey*.  Hence, in a separate order, the undersigned is authorizing service of process upon Jeffrey T. Harmon, who is an agent of the South Carolina Department of Probation, Parole, and Pardon Services (SCDPPPS).

*Todd v. Baskerville*, 712 F.2d at 74; and 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" 1915(d)].  *See also In Re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997) (pleadings by prisoners *and* non-prisoners should also be screened); and *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364 (2nd Cir. 2000) ("District courts . . . are . . . capable of determining when an action is frivolous. Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources.").   The plaintiff's attention is directed to the important Notice on the next page.


December 4, 2007
Greenville, South Carolina

BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

## Notice of Right to File Objections to Report and Recommendation

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).