UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| James Loftin, | ) | C/A No.: 7:07-cv-3792-GRA-BHH |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| | ) | |
| South Carolina Probation and Parole; | ) | |
| Jeffrey T. Harmon, Agent; | ) | |
| Robert Hall, Magistrate; and | ) | |
| Gordon G. Cooper, Judge, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the Court for a review of the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., filed on December 4, 2007. Plaintiff filed this *pro se* Complaint on November 20, 2007, which the magistrate construed as an action pursuant to 42 U.S.C. § 1983. In the magistrate's Report and Recommendation, the magistrate recommends dismissing the South Carolina Department of Probation, Parole & Pardon Services (SCDPPS), *without prejudice* and without issuance and service of process, based on the Eleventh Amendment. *See Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U.S. 743 (2002). She also recommends dismissing Magistrate Hall and Judge Copper from the case, *without prejudice* and without issuance and service of process, on the basis of judicial immunity. *See Mireles v. Waco*, 502 U.S. 9 (1991). However, the magistrate issued a separate order issuing service of process

1

upon Jeffrey T. Harmon, an agent of the SCDPPPS. After a thorough review of the Report and Recommendation, this Court adopts it in its entirety.

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Plaintiff did not file objections.

2

After a thorough review of the Report and Recommendation, this Court finds that it applies sound legal principles to the facts of this case. Therefore, this Court adopts it in its entirety.

IT IS THEREFORE SO ORDERED THAT Plaintiff's complaint be DISMISSED as to Defendants South Carolina Probation and Parole, Magistrate Hall and Judge Cooper, *without prejudice* and without issuance and service of process.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

January 4 , 2008
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal**.