IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| James Loftin, ) | |
| ) | Civil Action No. 7:07-3792-GRA-BHH |
| Plaintiff, ) | |
| ) | **ORDER AND** |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| South Carolina Probation and Parole, ) | |
| Agent Mr. Jeffery T. Harmon, Judge ) | |
| Gordon G. Cooper and Magistrate ) | |
| Robert Hall, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the defendant's[1] motion for summary judgment. [Doc. 32.] The defendant has not submitted any evidence in support of his motion for summary judgment, although he relies on factual claims which are not necessarily apparent from the face of the plaintiff's Complaint. The Court finds, however, that the case can be resolved as a matter of law, in consideration of the Complaint only, and, therefore, will treat the motion simply as one to dismiss. Also before the Court is the defendant's motion to stay discovery pending resolution of the defendant's motion for summary judgment. [Doc. 45.]

---

[1] Defendants South Carolina Probation and Parole, Judge Gordon G. Cooper, and Magistrate Robert Hall have all been previously dismissed from the case. [Doc. 24.]

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

## FACTS PRESENTED

The plaintiff was sentenced on August 2004 for false swearing. (Compl. ¶ 13.) His sentence required him to either pay a fine or serve 2 years probation. *Id*. The plaintiff alleges that he paid the fine on the date of his sentencing and, therefore, was never on probation. *Id*.

On November 9, 2007, a "hearing was held in Spartanburg County . . . for plaintiff to give DNA." *Id*. ¶ 16. The Court takes judicial notice and the parties all agree that S.C. Code § 23-3-620 requires individuals convicted of certain felonies to submit a DNA sample. *See* S.C. Code § 23-3-620. The plaintiff complains that at this hearing defendant Probation Agent Jeffery Harmon wrongfully held him in custody and would not allow him to leave the courtroom.

The plaintiff appealed the November 9 hearing and represents that that appeal is still pending. *Id*. ¶ 18; (Pl. Resp. Summ. J. at 1.)

## APPLICABLE LAW

### LIBERAL CONSTRUCTION OF *PRO SE* COMPLAINT

The plaintiff brought this action *pro se*. This fact requires that her pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A court may not construct the plaintiff's legal arguments for her. *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

### MOTION TO DISMISS STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should

view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

## **DISCUSSION**

The plaintiff argues that Section 23-3-620 of the South Carolina Code only requires DNA samples from individuals who are still within the custody or the jurisdiction of the state, whether on probation or otherwise. Because he paid his sentence fine, the plaintiff believes that he was not actually on probation on November 9, 2007, when he was detained at the hearing, and, therefore, holding him for purposes of a DNA sample was improper. Regardless of whether the plaintiff was obligated to provide a DNA sample, the defendant is entitled to qualified immunity for his actions and the case should be dismissed.

Qualified immunity protects government officials performing discretionary functions from suits for civil damages arising out of the exercise of their discretionary functions, provided that their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Slattery v. Rizzo*, 939 F.2d 213, 216 (4th Cir. 1991) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The plaintiff's rights must be established so clearly that a "reasonable official would understand that what he is doing violates that right." *Slattery*, 939 F.2d at 216 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). Accordingly, ruling on a defense of qualified immunity requires "(1) identification of the specific right allegedly violated; (2) determining whether at the time

4

of the alleged violation the right was clearly established; and (3) if so, then determining whether a reasonable person in the [official's] position would have known that doing what he did would violate that right." *Pritchett v. Alford*, 973 F.2d 307, 312 (4th Cir. 1992).

In addressing qualified immunity, the United States Supreme Court has held that "a court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether that right was clearly established at the time of the alleged violation." *Wilson v. Layne,* 526 U.S. 286, 290 (1999); *see also Suarez Corp. Indus. v. McGraw,* 202 F.3d 676, 685 (4th Cir. 2000). Further, the Supreme Court held that "[d]eciding the constitutional question before the qualified immunity question also promotes clarity in the legal standards for official conduct, to the benefit of both the officers and the general public." *Wilson,* 526 U.S. at 609. If the court first determines that no constitutional violation has been alleged, the inquiry ends there, "because government officials cannot have known of a right that does not exist." *Porterfield v. Lott,* 156 F.3d 563, 567 (4th Cir. 1998); *see also Young v. City of Mount Rainier*, 238 F.3d 567, 577-78 (4th Cir. 2001) (concluding that the complaint did not allege a constitutional violation, there was no need to consider the question of qualified immunity).

The plaintiff has, in the least, alleged the deprivation of a constitutional right. Namely, he contends that he was held unlawfully by the defendant for failing to submit a DNA sample. (Compl. at 5.) The plaintiff contends that he went to court on November 9,

2007 at the instruction of his attorney. (Compl. at 6.) He contends that he was not subject to any court order, warrant, or citation at that time. *Id*. The plaintiff alleges that he was taken into custody by the defendant because he had not submitted a DNA sample, in accordance with S.C. § 23-3-620. The plaintiff contends that his period of probation had already terminated and, therefore, the defendant had no grounds to detain him for violation of the same or to procure the DNA sample. If true, such facts would amount to a deprivation of his Fourth Amendment right to be free from an unreasonable seizure. *See Henderson v. Simms*, 223 F.3d 267, 273 (4th Cir. 2000).

The Fourth Circuit has held that the Fourth Amendment right to be arrested only on probable cause is clearly established. *See id*. (regarding execution of retake warrants by state officials for the reincarceration of individuals reasonably believed to have been erroneously released); *Smith v. Reddy*, 101 F.3d 351, 356 (4th Cir.1996). Likewise, the right not to be detained without reasonable suspicion is also clearly established. *See Taft v. Vines*, 83 F.3d 681, 684 (4th Cir. 1996) (adopting panel opinion from vacated decision of Taft v. Vines, 70 F.3d 304, 312 (4th Cir. 1995) on qualified immunity issue); see *also Pennsylvania v. Mimms*, 434 U.S. 106 (1977).

If the test of clearly established law is applied at such a broad level of generality, however, "plaintiffs alleging a Fourth Amendment violation could 'convert the rule of qualified immunity . . . into a rule of virtually unqualified liability.'" *Henderson*, 223 F.3d at 273 (quoting *Henderson, Anderson v. Creighton*, 483 U.S. 635, 639 (1987)). The

6

plaintiff, therefore, must allege facts "demonstrating that the established contours of probable cause were sufficiently clear at the time of the seizure such that the unlawfulness of [the defendant's] actions would have been apparent to reasonable offic[ials]." *Id*. (quotations omitted). In other words, the appropriate question is whether a reasonable state official could have believed that detaining the plaintiff for purposes of compliance with South Carolina's DNA statute was lawful, in light of clearly established law and the information he possessed. *Id*.

Taking the allegations in a light most favorable to the plaintiff, there is no question but that it would have been appropriate for the defendant to believe that the detention was lawful. The DNA statute states that

> (A) Following sentencing and at the time of intake at a jail or prison, a sample from which DNA may be obtained for inclusion in the State DNA Database must be provided by:
>
>> (1) any person convicted or adjudicated delinquent and incarcerated in a state correctional facility on or after July 1, 2004, for:
>>
>>> (a) eavesdropping or peeping (Section 16-17-470); or
>>>
>>> (b) any offense classified as a felony in Section 16-1-90 or any other offense that carries a maximum term of imprisonment of five years or more; and
>>
>> (2) any criminal offender convicted or adjudicated delinquent on or after July 1, 2004, who is ordered by the court to provide a sample.
>
> (B) **A convicted offender who is required to provide a DNA sample under subsections (A)(1) or (A)(2) but who is not**

> **sentenced to a term of confinement must provide a sample as a condition of his sentence**. This sample must be taken at a prison, jail, or other location as specified by the sentencing court.

S.C. Code § 23-3-620 (emphasis added).  The plaintiff contends that in accordance with his sentence on August 12, 2004, for false swearing, once he paid a fine, on that same day, his probation terminated.  By extension, the plaintiff argues that he was no longer obligated to provide a DNA sample on November 9, 2007, 3 years after his probation allegedly expired.

The defendant spends significant time arguing that the DNA statute controls over a sentencing judge's authority to order probation terminable upon payment of a fine.  The Court, however, need not resolve the specific matter.  That there exists a legal conflict in this regard evidences that the particular contours of the issue have not been expressly considered by the State of South Carolina.  Said more directly, the Court has not found, and the parties have not offered, any decision of the courts of South Carolina which has considered or determined whether the DNA statute still requires an individual to submit a DNA sample pursuant to the terms of his probation and sentence when the sentencing judge has made probation terminable upon payment of a fine.  In other words, the defendant could not have known that his detention of the plaintiff for purposes of compliance with the DNA statute was not appropriate under the circumstances.  The "established contours" of that issue were insufficiently clear at the time of the seizure such that the unlawfulness of the defendant's actions would not have been apparent to him.

*Henderson v. Simms*, 223 F.3d at 273. As a matter of state law, they remain insufficiently clear even now.

Accordingly, taking all allegations in a light most favorable to the plaintiff, the defendant is still entitled to qualified immunity.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, it is RECOMMENDED that the Defendant's Motion for Summary Judgment treated as one to dismiss [Doc. 32] should be GRANTED. It is hereby ORDERED that the defendant's motion to stay discovery [Doc. 45], is GRANTED.

IT IS SO RECOMMENDED and ORDERED.

May 8, 2008

Greenville, South Carolina

*Bruce H. Hendricks*
BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).